388

**SPAULDING, Plaintiff, v. MERCY HOSPITAL ASSOCIATION et, Defendant.**

Common Pleas Court, Franklin County.

No. 187889.   Decided September 22, 1954.

A. J. Frericks, Columbus, for plaintiff.
Knepper, White, Richards, Miller & Roberts, Columbus, for defendants Riebel and Oelgoetz.

### OPINION

By BARTLETT, J.

1. Motion to make definite and certain overruled on all branches.
3. Motion to strike overruled on all branches.

The action involves the relation of physician and patient.  The motions in question are made jointly by the two physicians who are co-defendants.

On the motion to make definite and certain, the first complaint is that "the petition does not state which of the three defendants performed said acts"—to-wit, admitted X-rays into the body of plaintiff, etc.  This Court has recently sustained in the instant case a motion for the defendant Hospital Association, requiring plaintiff to state whom she employed to administer the X-ray treatments to her, and who actually

applied the X-ray treatments of which she complains. This should remove the basic complaint when complied with.

Considering, however, the relation of the parties in this case, physician and patient, and that the facts alleged generally in the petition, if true, are in the particulars, peculiarly within the knowledge of the physicians in attendance on the plaintiff in the matter complained of, the Court thinks that the same stringent rules, in respect to definiteness and certainty of allegation, ought not to be applied to the plaintiff, as there might properly be, if the minute facts generally stated in the petition were, from the nature of the case, as well known to her as they are to the defendants. **Union Bank, etc. v. Bell, et al., 14 Oh St 200, 208;** Barron, Boyle and Co., v. Pittsburg Plate Glass Co., et al. 7 N. P. 528; **31 O. Jur. Pleading, Sec. 34, p. 571;** 41 Am. Jur. Pleading, Sec. 32, p. 311. The plaintiff may know generally the facts and circumstances bearing upon the X-ray treatment applied to her body, but she cannot be supposed to know as well as the specialist physicians in attendance on her. No surprise would be likely to result from the general averment in the petition. **Gebhart et al. v. Sorrels, Admx. et al, 9 Oh St 461-464.**

Generally under the Code practice, if a statement of facts without a statement of the time when they occurred constitutes a cause of action, no allegation of time is necessary. **31 O. Jur. Pleading, Sec. 60, p. 600;** 41 Am. Jur. Pleading, Sec. 34, p. 313.

Upon the principles heretofore recited, each and every branch of the motion to make the petition definite and certain, is overruled.

There is little if any merit in the motion to strike certain words from the petition. They are certainly not prejudicial. Consequently, all branches of the motion to strike are overruled.

Entry accordingly with exceptions by counsel for defendants.